**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

RANDALL W. PEARSON,

    Plaintiff,

v.                                  CASE NOs.   02-CV-70060-DT
                                                            04–CV-75000-DT
                                         HON. LAWRENCE P. ZATKOFF

UAW INTERNATIONAL UNION,
UAW LOCAL 140, ROY WYSE, and
STEPHEN YOKICH, jointly and
severally,

    Defendants.
_____/

**OPINION AND ORDER**

      AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on August 18, 2005

              PRESENT:  THE HONORABLE LAWRENCE P. ZATKOFF
                               UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

      This matter is before the Court in Case No. 02-70060 on remand from the Sixth Circuit Court of Appeals, pursuant to its decision rendered on April 28, 2004. Defendants subsequently filed a Motion to Dismiss and/or for Summary Judgment (Docket No. 26 in Case No. 02-70060), to which Plaintiff responded and Defendants replied. Defendants also filed a Motion for Summary Judgment in a recently filed companion case addressing the same issues (Case No. 04-75000 (Docket No. 2)), to which Plaintiff filed a response and Defendants replied. The Court finds that the parties have adequately set forth the relevant law and facts, and that oral argument would not aid in the disposition of the Defendants' Motions. *See* E.D. MICH. L.R. 7.1(e)(2). Accordingly, the Court

ORDERS that Defendants' Motions be decided on the briefs submitted. For the reasons stated below, Defendants' Motion to Dismiss and/or for Summary Judgment is GRANTED and Defendants Motion for Summary Judgment is DENIED.

## II. BACKGROUND

The facts and procedural history associated with Case No. 02-70060 have been set forth in great detail, including in this Court's Opinion and Order dated July 9, 2002, and the Sixth Circuit's Opinion dated April 28, 2004. Accordingly, the facts and procedural history of Case No. 02-70060 generally are not set forth herein but are instead incorporated by reference from the aforementioned opinions. Having said that, the Court notes that in its July 9, 2002, Opinion and Order regarding Case No. 02-70060, this Court dismissed Plaintiff's breach of fiduciary duty claim, with prejudice, and remanded Plaintiff's claim of defamation to Wayne County Circuit Court.

On April 28, 2004, the Sixth Circuit reversed this Court's July 9, 2002, decision to dismiss Plaintiff's breach of fiduciary duty claims as barred by *res judicata*. At the same time, the Sixth Circuit affirmed the remaining decisions of this Court which the parties had appealed or cross-appealed. As the result of the Sixth Circuit's Opinion, this Court issued an Order to Show Cause to the parties to determine the scope of Case No. 02-70060 in this Court going forward. Defendants argue that the only claim asserted by Plaintiff which remains before this Court is a claim of breach of fiduciary duty which the Court had concluded "arises under the UAW Constitution, and is inextricably intertwined with the UAW Constitution." Plaintiff agrees that the breach of fiduciary duty claim remains before this Court, however, Plaintiff also believes that his claims of (1) fraud and intentional misrepresentation, and (2) intentional infliction of emotional distress continue to be

active claims.

On December 1, 2004, Defendants filed the Motion to Dismiss and/or for Summary Judgment with respect to the breach of fiduciary duty claim in Case No. 02-70060. On December 2, 2004, Plaintiff mailed Defendants a copy of Plaintiff's Motion to Advance Case to Trial in the remanded Wayne County Circuit Court action, wherein Plaintiff erroneously indicated that this Court had remanded the breach of fiduciary duty claim when, in fact, this Court had remanded only the defamation claim to the Wayne County Circuit Court. Defendants accordingly removed that action to this Court as Case No. 04-75000, and the case was reassigned to this Court as a companion case. On December 29, 2004, Defendants filed a Motion for Summary Judgment in Case No. 04-75000, asking the Court to dismiss Plaintiff's defamation claim, with prejudice.

### III. ANALYSIS

**A.    Scope of Sixth Circuit's Remand in Case No. 02-70060**

The Court concludes that only one claim was remanded to this Court (the breach of fiduciary duty claim) as a result of the Sixth Circuit's April 28, 2004, Opinion. As the Sixth Circuit stated:

> Pearson filed a motion in district court to remand the fraud and intentional infliction of emotional distress claims to state court. The union filed a motion to dismiss both claims with prejudice. In an order dated October 23, 2001, the district court denied Person's motion to remand and granted the union's motion to dismiss the claims with prejudice. . . . Pearson did not appeal from this judgment.

Slip Op. at 5. The Sixth Circuit also clarified that Pearson's failure to timely appeal the dismissal of such claims meant the dismissal of such claims could not be altered:

> Pearson did not appeal from the October 23, 2001 order that disposed of [the fraud and intentional misrepresentation] claim and his intentional infliction of emotional distress claim. Thus, the appeal and cross-appeal regarding these two claims are dismissed as moot

3

as this court cannot grant effective relief to either party.

Slip Op. at 12. Accordingly, the Court finds that Plaintiff's claims of (1) fraud and intentional misrepresentation, and (2) intentional infliction of emotional distress have been dismissed with prejudice and are no longer before the Court.

**B.      Dismissal of Breach of Fiduciary Duty Claim**

Although the Sixth Circuit noted that this Court dismissed the breach of fiduciary duty claim on the basis of *res judicata* in the July 9, 2002, Opinion and Order, the Sixth Circuit did not address the fact that this Court also found that Plaintiff's breach of fiduciary duty claim "is pre-empted by §301 [of the Labor Management Relations Act], and that it should be 'dismissed as pre-empted by federal labor-contract law.'" *See* July 9, 2002, Opinion and Order, at 6.

This Court first concluded in its March 20, 2002, Opinion and Order that Plaintiff's breach of fiduciary duty claim was pre-empted by §301 of the Labor Management Relations Act, finding that such claim rose "under the UAW Constitution, and is inextricably intertwined with the UAW Constitution." Plaintiff never appealed that decision, as noted by the Sixth Circuit. *See* Slip Op. at 15 (Plaintiff "failed to perfect an appeal of the March 20, 2002 order, and this court does not have jurisdiction to review it."). Accordingly, the Court's conclusion that the breach of fiduciary duty claim is pre-empted by §301 is binding.

When a claim is pre-empted by §301 of the LMRA, this Court is constrained to either dismiss the claim or treat it as a §301 claim. *See Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220 (1985). For the reasons set forth in the Court's March 20, 2002 order, the Court hereby reiterates its conclusion that the breach of fiduciary duty claim should be dismissed as pre-empted by federal labor-contract law. Accordingly, the Court holds that Plaintiff's breach of fiduciary duty claim is

DISMISSED WITH PREJUDICE.

As the Court has already set forth its basis for dismissing Plaintiff's breach of fiduciary duty claim, the Court does not consider the ramifications of treating the breach of fiduciary duty claim as a §301 claim.

**C.     Defamation Claim**

For the reasons stated in the Court's July 9, 2002, Opinion and Order, this Court finds that there is no reason for it to exercise jurisdiction over Plaintiff's defamation claim. *See* July 9, 2002, Opinion and Order at 7.  Plaintiff's defamation claim is therefore REMANDED to the Wayne County Circuit Court and Defendants' Motion for Summary Judgment with respect to the defamation claim is DENIED.

## IV.  CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED that Defendants' Motion to Dismiss and/or for Summary Judgment is GRANTED, and Defendants' Motion for Summary Judgment is GRANTED.  IT IS FURTHER ORDERED that Plaintiff's claim of breach of fiduciary duty is DISMISSED WITH PREJUDICE. IT IS FURTHER ORDERED that Plaintiff's defamation claim is REMANDED to Wayne County Circuit Court.  Accordingly, Case No. 02-70060 and Case No. 04-7500 are hereby CLOSED.

IT IS SO ORDERED.

Date:  August 18, 2005

 s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

S:\Marie ECF\Pearson.wpd